**John TRANDAFIR, Jr., Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 00–3634.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2003.

Before DAUGHTREY and COLE, Circuit Judges; and SARGUS, District

Judge.*

## ORDER

This is an appeal from a district court's judgment affirming a decision to deny an application for Social Security disability benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 4, 1994, John Trandafir, Jr., applied for disability benefits with the Social Security Administration. Trandafir's application was denied after a hearing before an administrative law judge ("ALJ"). The ALJ's recommendation to deny the application was adopted by the Appeals Council and Trandafir took an appeal from this decision to federal district court on the authority of 42 U.S.C. § 405(g). The matter was assigned to a magistrate judge in whom the parties agreed to vest final decision-making authority. The magistrate judge affirmed the Commissioner's decision and this appeal followed.

This appeal is from an adverse decision in Trandafir's second attempt to obtain disability benefits with the same combination of symptoms. Trandafir filed a claim for disability insurance benefits in 1992 in which he claimed that he was totally disabled owing to back pain stemming from injuries caused by an automobile accident. The Appeals Council denied that application on September 9, 1994, and Trandafir did not take an appeal to federal district court. Trandafir, instead, filed a second application for Social Security benefits on October 4, 1994, that was based on the identical claim of disabling back pain. During the pendency of this latter claim,

Trandafir's insured status expired as of December 31, 1995. It was thus incumbent upon Trandafir to show that he was disabled for Social Security purposes at some time from September 10, 1994, through December 31, 1995.

Trandafir, born in 1942, received a degree in mechanical engineering and worked as a design engineer from 1964 through 1991. Trandafir supervised seven employees while preparing mechanical drawings in his capacity as a chief engineer at his last place of employment. Trandafir was in an automobile accident on March 30, 1990, in which he suffered fractured ribs, pulmonary contusion and multiple trauma. These injuries did heal but contributed to Trandafir developing probable degenerative osteoarthritis. Trandafir's application for disability benefits was based on his claim that the aftereffects of the accident left him in debilitating pain and necessitated his having not engaged in substantial economic activity as of December 5, 1991.

The proof at the hearing before the ALJ consisted of medical evidence gathered shortly before September 10, 1994, and up to November 8, 1996, almost one year after the expiration of Trandafir's insured status. The medical evidence compiled shortly before, and during, the insured period did not reflect the kind of remarkable, debilitating injuries that would limit Trandafir's ability to work or would produce the degree of pain alleged by Trandafir. The ALJ heard this evidence, Trandafir's testimony and observed Trandafir at the hearing, and evaluated Trandafir's claim through use of the five-step sequential analysis of 20 C.F.R. § 404.1520. The ALJ reached the fourth step of the evaluation

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

and concluded that Trandafir retained the residual functional capacity to perform his past relevant work, that is, a mechanical engineer, and so he was not entitled to disability benefits. This finding was adopted by the Commissioner and affirmed by the district court. On appeal, Trandafir argues that the ALJ erred in failing to develop the record with regard to an alleged mental impairment and that the ALJ's findings are not supported by substantial evidence.

Trandafir's first appellate issue lacks merit. The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Only under special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir.1986); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051–52 (6th Cir.1983). In the case at bar, Trandafir proceeded before the ALJ with the assistance of counsel who acknowledged the futility of bringing in the evidence requested. In this circumstance, the ALJ cannot be said to have had a "special, heightened duty to develop the record."

Trandafir's second issue also lacks merit. Trandafir basically argues that the evidence of record (and some additional, appended documents not of record), shows that he suffered from debilitating pain. This court reviews a determination of an ALJ in this context to see if it is supported by substantial evidence. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir.1981). If substantial evidence supports the ALJ's decision, then that decision is conclusive. *Floyd v. Finch*, 441 F.2d 73, 75 (6th Cir.1971). This standard gives an ALJ a "zone of choice" in which he may go either way, without being second-guessed by federal courts. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986).

There is substantial evidence in the record to support the ALJ's conclusion that Trandafir's allegations of disabling back pain were not supported by the necessary evidence of identifiable physical problems. In evaluating subjective complaints of disabling pain, this court must first determine whether there is objective medical evidence of an underlying medical condition. If there is, the examination focuses on 1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition, or 2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain. *Duncan*, 801 F.2d at 853. The overwhelming relevant medical evidence of record supports the ALJ's determination, within the "zone of choice," that Trandafir's allegations of pain were unsupported by contemporary, objective medical evidence, and that he retained the residual functional capacity to perform his prior duties as a mechanical engineer. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.